U.S. DIST. COURT EAST DIST. WISC.
FILED
JUN 1 5 2006
AT_____ O'CLOCK_____ M
SOFRON B. NEDILSKY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES T. MOSELEY,

    Plaintiff,

v.

Case No. 05-C-1119

RAUSCH STURM ISRAEL & HORNIK,

WEST ALLIS MUNICIPAL COURT,

    Defendants.

## ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

James T. Moseley ("Moseley), proceeding pro se, filed a complaint against the defendants and a petition to proceed in forma pauperis. Before the court can allow Moseley to proceed in forma pauperis, the court is obligated to determine that Moseley is unable to pay the $350.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pro se litigants who request to proceed in forma pauperis are required to use this district's local forms. Although Moseley has failed to use the required form, he has submitted an affidavit in support of his motion which states that he is unable to prepay the fees associated with this litigation and derives his income from social security. While these averments do not include details about Moseley's financial status that are required by the court's local forms, the court is satisfied that Moseley is indigent and will turn to the merits of Moseley's claims against the defendants.

## I. MOSELEY'S COMPLAINT

In his complaint, Moseley sets forth numerous claims against the defendants which allege that they engaged in a scheme to harass and deprive him of various rights. According to Moseley the events that gave rise to his complaint began when Rausch Sturm Israel & Hornik ("the Rausch Firm") called Debra Ebling, with whom Moseley resides, in an attempt to collect her credit card debt. Moseley returned calls to the Rausch Firm and spoke to employees in a manner that the employees viewed as threatening. The Rausch Firm reported Moseley's actions to the West Allis police department and an investigation by West Allis Police Officer M. Scherbarth ("Officer Scherbarth") ensued. According to Officer Scherbarth's incident report, he went to the Rausch Firm and interviewed employees about the calls they received from whom they believed to be Moseley. Officer Scherbarth also listened to a portion of the calls, which had been recorded without Moseley's

2

AO 72A
(Rev.8/82)

knowledge, and contacted Moseley to discuss the matter further. (Compl. Ex. B). According to the incident report, Moseley said that he had only called the Rausch Firm two to three times and did not intend his calls to be threatening. (Id. at 5). However, Officer Scherbarth later reviewed recordings of Moseley's calls with his Police Captain and, based on that additional review, sent Moseley a citation for disorderly conduct. (Id. at 8).

Moseley opposed the disorderly conduct citation and, in doing so, filed numerous submissions with the West Allis Municipal Court. Several of his submissions—including a letter to the West Allis City Attorney seeking information about whether he is entitled to a jury trial and whether he will be appointed counsel, a notice of deposition, a request for a copy of Officer Scherbarth's report, a motion for discovery, a request for the status of an amended complaint, and a motion to dismiss—were submitted to this court in support of Moseley's complaint.

### Claims against the West Allis Municipal Court

As grounds for his claims against the West Allis Municipal Court, Moseley challenges the actions taken by West Allis Municipal Judge Paul M. Murphy ("Judge Murphy"), the West Allis City attorney, and Officer Scherbarth. Moseley says that Officer Scherbarth misconstrued his statement, did not consider that recording Moseley's calls to the Rausch Firm without his knowledge might violate federal wiretapping laws, and failed to entertain his complaint against the Rausch Firm. Moseley also suggests that the timing of Officer Scherbarth's investigation and subsequent review of the Rausch Firm compact disc should be considered suspect. (Compl. ¶ 29-32). Since he believes that Officer Scherbarth is an employee of the West Allis Municipal Court (Compl. ¶ 2), he seeks to hold the court liable on that basis.

3

With respect to the West Allis City Attorney, Moseley says that his interrogatory served on the court was never answered, that the presiding judge did not sign a letter sent in response to one of his requests, and that he suspects the West Allis City Attorney was the true author of the response he received. (Compl. ¶ 38). In addition, Moseley says that a letter he received from the court in response to one of his letters contains false statements (Compl. ¶ 37) and that the West Allis Municipal Court is liable for entertaining an action based on Officer Scherbarth's citation. (Compl. ¶ 26). With respect to Judge Murphy, Moseley takes issue with the fact that he did not rule on a motion that Moseley filed and refused to allow a counter complaint in the suit regarding his citation. (Compl. ¶ 43-45, 50-52).

Based on these and other similar allegations, Moseley asserts that the West Allis City attorney, Officer Scherbarth, and Judge Murphy obstructed justice, violated RICO laws, and are involved in a conspiracy to aid the Rausch Firm in collecting debt from those with little money or a possibly involved in a kickback scheme. In addition, Moseley goes on to say that their actions have resulted in societal problems such as a decline in Milwaukee's job market and population and an increase in consumer debt. (Compl. at 15-16).

## Claims against the Rausch Firm

Moseley contends that the Rausch Firm is liable because its actions constituted harassment and bullying. He claims that the Rausch Firm threatens debtors with wage garnishment and other legal action and sends debtors harassing letters. He claims that the Rausch Firm's actions violate several Wisconsin statutes that govern the collection of debt, that the Rausch Firm should not have reported him to the West Allis Police Department because Debra Ebling is the debtor associated with the phone number that the Rausch Firm had, and that the Rausch Firm should not have recorded his allegedly threatening phone calls without his permission. (Compl. at 2-5). In addition, Moseley says that his

4

calls to the Rausch Firm, which included references to persons believed to be involved with the mafia, should not have been viewed as threats and that the Rausch Firm should be held accountable for its collusion with the West Allis Municipal Court employees.

## II. ANALYSIS

Based on the factual allegations discussed in the preceding section, Moseley alleges various claims against the defendants: (1) a claim based on the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1961 et seq. ("RICO"); (2) a claim based on the Extortionate Credit Transactions Act, 18 U.S.C. § 891 et seq.; and (3) a claim based on 42 U.S.C. § 1985. Moseley's claims under the Extortionate Credit Transactions Act do not state a claim upon which relief can be granted because no private right of action inheres in those criminal provisions. Accordingly, the complaint will be dismissed as to that claim, and the court will turn its attentions to Moseley's claims based on RICO and § 1985.

### RICO Claims

Congress enacted RICO in an attempt to eradicate organized, long-term criminal activity. To that end, Congress chose to supplement criminal enforcement of its provisions with a civil cause of action for persons whose business or property has been injured by such criminal activity. Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1019 (7th Cir.1992); see 18 U.S.C. § 1964(c). The elements of a RICO violation are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Midwest Grinding, 976 F.2d at 1019; MCM Partners v. Andrews-Bartlett & Assoc., Inc., 161 F.3d 443, 448 (7th Cir. 1998); Mira v. Nuclear Measurements Corp., 107 F.3d 466, 473 (7th Cir. 1997). With respect to the third and fourth elements, a pattern of racketeering activity consists of at least two "predicate acts" of racketeering committed within a ten-year period. 18 U.S.C.

5

AO 72A
(Rev.8/82)

§ 1961(5). Predicate acts are acts indictable under a specified list of criminal laws, 18 U.S.C. § 1961(1)(B).

The court is not persuaded that there is adequate factual basis for Moseley's claim that the Rausch Firm, Officer Scherbarth, the West Allis City Attorney, or Judge Murphy committed criminal actions against him. The Rausch Firm contacted Debra Ebling in an attempt to collect her credit card debt. They also sent her a letter offering to settle the debt, as do many debt collection businesses. (Compl. Ex. JJ). There is no indication that Ms. Ebling's debt is invalid or that the Rausch Firm's attempt to collect her debt constitutes a criminal activity actionable under RICO. Moreover, the Rausch Firm's actions were directed at Debra Ebling, and not towards Moseley. Moseley became involved only when he called the Rausch Firm on multiple occasions in a manner that Rausch Firm employees and Officer Scherbarth ultimately viewed as threatening. Moseley's actions led to a citation for disorderly conduct and subsequent litigation in the West Allis Municipal Court. Thus, there is no direct connection between the Rausch Firm's debt collection efforts and damage to Moseley's business or property, as required for a civil cause of action under § 1964(c).

After Officer Scherbarth issued the disorderly conduct citation to Moseley, it was incumbent on the West Allis Municipal Court to address that charge. While Mosely objects to the result of the court proceedings and the manner in which his submissions were handled, this court's disagreement with the actions of the Municipal Court would not lead to the conclusion that the Municipal Court had ulterior motives or acted in collusion with the Rausch Firm. The severe allegations of corruption asserted by Moseley—which he compares to various highly-publicized criminal fraud suits—lack arguable basis in fact and are frivolous under § 1915(e)(2)(1).

6

Case 2:05-cv-01119-AEG    Filed 06/15/06    Page 6 of 7    Document 3

### Section 1985 Claims

For the same reasons, the court finds that Moseley's claims based on § 1985 should be dismissed. Section 1985 allows a civil cause of action by those who are the victim of a conspiracy to interfere with civil rights. Evidence that efforts to collect Debra Ebling's debt caused a deprivation of Moseley's civil rights, or that the defendants conspired against Moseley, lack arguable basis in fact and do not satisfy the standards of § 1915(e).

In conclusion, what Moseley presents are claims against parties which have attempted to remedy an alleged wrong against another. If Debra Ebling was the victim of improper debt collection practices, she has a remedy under the Fair Debt Collection Procedures Act. However, any relief is hers to seek — not Moseley's. The entire chain of events chronicled in the complaint stem from Moseley's efforts on behalf of Ebling. He ventured into Ebling's area of protected rights as an alleged debtor; the results were unfortunate; but Moseley has failed to state a federal claim that he is entitled to bring.

**IT IS THEREFORE ORDERED** that Mosely's motion to proceed in forma pauperis is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's complaint and this case is **dismissed without prejudice.**

Dated at Milwaukee, Wisconsin, this 15 day of June, 2006.

C.N. CLEVERT, JR.
UNITED STATES DISTRICT JUDGE

7

AO 72A
(Rev.8/82)